IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSH BROWN, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. 1:21-CV-253 |
| § | |
| PERMIAN TANK & MANUFACTURING, § | |
| INC., § | |
|     Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Josh Brown, and files this Original Complaint complaining of Defendant Permian Tank & Manufacturing, Inc., and for cause of action would show the Court the following:

### INTRODUCTION

1.1   This action seeks damages, liquidated damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States.

### PARTIES

2.1   Plaintiff is an individual who can be contacted through counsel.

2.2   Defendant Permian Tank & Manufacturing, Inc. is an entity that may be served through its registered agent: C T Corporation System 1999 Bryan St., Ste. 900 Dallas, Texas 75201

### JURISDICTION AND VENUE

3.1   Jurisdiction is evoked pursuant to violations of Title VII of the Civil Rights Act of 1964, as amended. This Court has jurisdiction over this matter as it involves a federal question based on Title

VII. The Plaintiff was employed with Defendant, a corporation doing business within the territorial jurisdiction of the Court. The damages incurred by Plaintiff as a result of Defendant's conduct exceed the minimal jurisdictional limits of the Court.

3.2. Proper venue for this action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 42 U.S.C. 2000e-5(f)(3) as such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed

## CONDITIONS PRECEDENT

4.1 All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5.1 Plaintiff was the Maintenance Manager for Permian for four years. In late February, 2018 one of his female reports came to him complaining regarding sexual harassment she had been suffering at the hands of the Plant Manager, Bucky Addy. Plaintiff encouraged her to contact Jeanette Rios in human resources with her concerns.

5.2 On March 8, 2018 the same employee came to Plaintiff and complained that the harassment had not stopped and in fact had gotten worse, but that she had not gone to HR and was reluctant to do so due to the relationship between Ms. Rios and Mr. Addy. After the meeting, Plaintiff took it upon himself to contact Ms. Rios personally and explain he had been told about the harassment which had been reported to Plaintiff.

5.3 On March 9, 2018 Plaintiff arrived at work and was told to give a statement regarding the harassment to HR. He did so. When he left the meeting with HR he went back to his office where he was summoned to the conference room with Mr. Addy and Ms. Rios where he was informed that he was being terminated.

## CAUSES OF ACTION

6.1     The allegations contained in Paragraphs 5.1-5.3 are hereby incorporated by reference for all causes of action.

**Retaliation under Title VII and the Texas Commission on Human Rights Act**

6.2     Defendant retaliated against Plaintiff for making a discrimination complaint, assisting or participating in a discrimination investigation, and otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint, assisted and participating in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment and otherwise discriminated against him, and there is a causal connection between the making of the discrimination complaint, and the assistance and participation in a discrimination investigation, and opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. Defendant's retaliatory actions violated Title VII and the Texas Commission on Human Rights Act. Alternatively, they were a motivating factor of Defendant with respect to its employment decisions regarding Plaintiff.

## DAMAGES

7.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## COMPENSATORY DAMAGES

8.1     Defendant has intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## ATTORNEYS' FEES AND EXPERT FEES

9.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE Title VII, 42 U.S.C. §2000e-5(k). Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Fifth Circuit Court of Appeals, or an appeal to the United States Supreme Court, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## PUNITIVE DAMAGES

10.1    Defendants have acted with malice or reckless indifference to Plaintiff's rights. Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## JURY DEMAND

11.1   Plaintiff demands a trial by jury of all the issues and facts in this case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1. Judgment against Defendant for all damages alleged in this petition;

2. Interest before and after judgment at the highest rate provided by law, until paid;

3. Costs of suit;

4. Reasonable and necessary attorneys' fees and expert witness fees;

5. Injunctive and declaratory relief;

6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Highway, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF